(No. 36197.

THE PEOPLE *ex rel.* Donald Daesch *et al.,* Appellees, *vs.* MAYOR OF THE CITY OF BELLEVILLE *et al.,* Appellants.

*Opinion filed May 19, 1961.*

Eugene H. Widman, City Attorney, of Belleville, for appellants.

Melvin W. Trotier, of East St. Louis, for appellees.

Mr. Justice Solfisburg delivered the opinion of the court:

Relator, who is a member of the Belleville Fire Department sought and obtained a writ of *mandamus* from the circuit court of St. Clair County requiring the defendants, members of the city council of the city of Belleville, to adopt an ordinance providing for an election of officers in the fire department of the city of Belleville, and also directing the city treasurer to pay to the fire department treasurer the money collected from the levy of a tax on gross receipts of fire insurance sold within the city, pursuant to sections 38—1, 38—2 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1959, chap. 24, pars. 38—1, 38—2). Defendants appeal from the judgment ordering the issuance of the writ of *mandamus*. The constitutionality of a statute is involved and accordingly we assume jurisdiction.

The statutes involved provide as follows:

"Section 38—1. In each municipality or fire protection district whether incorporated under a general or special law, which has a fire department established and maintained

by municipal or fire protection district ordinances, every corporation, company, and association which is not incorporated under the laws of this State and which is engaged in effecting fire insurance in the municipality or fire protection district, shall pay to the treasurer of the municipality or fire protection district for the maintenance, use, and benefit of the fire department thereof, a sum not exceeding two percent of the gross receipts received from fire insurance upon property within the municipality or district  *  *  *"

"Section 38—2. The corporate authorities of any municipality containing less than 50,000 inhabitants which has an organized fire department shall pass an ordinance providing for the election of officers of that department, by the members of the department. These officers shall include a treasurer, and they shall make all needful rules and regulations with respect to the department and the management of the money to be paid to the treasurer. In all such municipalities the municipal treasurer shall pay the sums received from the insurance companies specified in Section 38—1 to the treasurer of the fire department of the municipality in which it is collected. The treasurer of that fire department shall give a sufficient bond to the municipality in which the fire department is organized. This bond shall be approved by the mayor or president, as the case may be, conditioned upon the faithful performance by the treasurer of his duties under the ordinance and the rules and regulations provided for in this section. The treasurer of the fire department shall receive the money so paid and shall pay out the money upon the order of the fire department for the maintenance, use and benefit of the department.

"However, in any municipality where a fireman's pension fund is or may be established under other laws of this State, all of the money paid to the municipal treasurer as provided in Section 38—1 may be set apart and appropriated by the municipality to the fund for the pensioning of disabled and superannuated members of the fire department,

and of the widows and orphans of deceased members of the fire department."

Since 1925 the city of Belleville has had a department of the municipal government known as the fire department, which was established by ordinance which provides for a fire warden who shall be *ex officio* chief of the fire department, to be appointed by the mayor. It also has an ordinance licensing foreign fire insurance companies which provides that such companies shall pay to the city treasurer the sum of two per centum of the gross receipts of the premiums received by such company for business effected for fire insurance within the city. A fireman's pension fund has also been established in the city of Belleville.

The fire insurance companies have paid their two per centum tax money to the city treasurer and the city treasurer testified that the money collected heretofore has been kept in a separate account and used solely for the maintenance, use and benefit of the fire department, by order and approval of the city council. The balance in the fund on June 30, 1960, was $58,321.62.

The relator contends that the city council had a mandatory duty to pass an ordinance providing for the election of officers within the fire department pursuant to statute, and to pay over monies received from foreign fire insurance companies. Defendants however insist that section 38—2 is void as an unconstitutional delegation of legislative power, and that *mandamus* will not lie to compel the city council to act in a matter of discretion.

Although similar statutory provisions have been in effect since 1895, (Laws of 1895, p. 104, secs. 1—2), their validity has not heretofore been questioned in this court. In essence the statute purports to compel a municipality of less than 50,000 having an organized fire department, to provide for the election of officers of that department. The statute then delegates to these elected officers the power to make "all needful rules and regulations with respect to the depart-

ment and the management of the money to be paid to the treasurer," and delegates to the treasurer, the power and duty to pay out monies received, "upon the order of the fire department for the maintenance, use and benefit of the department."

The issue presented is whether these provisions constitute an unconstitutional delegation of powers by the General Assembly. The issue is not, as the city seems to suggest, whether the city, without statutory authority, could validly redelegate powers vested exclusively in it by the legislature. Cf. *City of Rockford* v. *Hey,* 366 Ill. 526; *People* v. *Clean Street Company,* 225 Ill. 470.

The governing principles are well recognized. The General Assembly cannot delegate its general legislative power to make the law, involving a discretion of what the law shall be. (*People ex rel. Chicago Dryer Co.* v. *City of Chicago,* 413 Ill. 315; *City of Evanston* v. *Wazau,* 364 Ill. 198; *City of Rockford* v. *Hey,* 366 Ill. 526.) Nevertheless, it may delegate to others those things which the legislature might properly do, but cannot do understandingly or advantageously. *People ex rel. Gutknecht* v. *Port District,* 4 Ill.2d 363, 381; *People* v. *Lohr,* 9 Ill.2d 539; *Department of Public Works* v. *Lanter,* 413 Ill. 531.

There can be little question that the legislature could have delegated to the city the power to provide fire protection for the municipality, and make all rules and regulations for the management of the fire department. The peculiar local problems involved negate the usefulness of setting standards of greater particularity. As we understand the argument of the defendants, they contend that the rule making power and the power to expend funds is in the city rather than the officers of the fire department.

In the case at bar, however, the legislature has chosen to place this power and duty in the officers of the department. In Illinois the General Assembly is the sole repository of legislative power. (Const. of Ill., art. 4, sec. 1.) In the

proper case it may delegate duties involving administrative discretion to municipalities, administrative bodies, or officers. The power of the city of Belleville over its fire department is not inherent but a matter of legislative grant. The same legislature has the power to remove all or part of these powers from the city and vest them in another body. This they have done by section 38—2.

Section 38—2 presupposes the existence of an organized fire department. Such a department is, of course, for the sole purpose of protecting the municipality from the ravages of fire and other incidental duties. It would be most unreasonable to say that the General Assembly must point out with particularity and certainty the type of local rules and regulations that should be adopted to accomplish this purpose. Such rules and regulations are most properly delegated to local officials managing the department. So also the expenditures for the maintenance, use and benefit of a fire department is a power sufficiently definite to be delegated to local officials. Just as these administrative powers and duties could have been delegated to the city of Belleville, we hold they were properly delegated to the officers of the fire department selected in accordance with section 38—2. So also the delegation of power to the city of Belleville to provide for the manner of election of the officers of the department is clearly as definite as the circumstances permit. The great variance in the size of the municipality and local problems may require in the discretion of the city different officers and different methods of election.

We, therefore, conclude that section 38—2 is constitutional.

This determination, however, does not necessarily justify the issuance of the writ of *mandamus* in this particular case. The last paragraph of section 38—2 provides that in any municipality where a firemen's pension fund is established, all of the money paid to the municipal treasurer as provided in section 38—1 may be set apart and appropriated by the

municipality to the pension fund. The city of Belleville admittedly has such a pension fund established. While they have used the tax monies collected under section 38—1 for general fire department purposes and have not heretofore appropriated any of said funds to the pension fund, we cannot say that they have waived their right to do so. The writ of *mandamus* issued in the present case does not permit the city to exercise its discretion to so appropriate these funds. Since the writ did not permit the city of Belleville this alternative, it was improperly issued.

Much of the city's argument in this case is directed to broad policy issues concerning the advisability of a separate autonomous fire department. The merit of these arguments must be determined by the General Assembly.

From the foregoing conclusions, the judgment of the circuit court of St. Clair County must be reversed and the cause remanded, with directions to proceed in accordance with the views herein.

*Reversed and remanded, with directions.*