(No. 39530.—

HELEN HILL *et al.*, Appellants, *vs.* GEORGE T. RELYEA *et al.*, Appellees.

*Opinion filed May 23, 1966.*

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL, A. ZOLA GROVES and JEROME F. GOLDBERG, Assistant Attorneys General, of counsel,) for appellants.

KRUSEMARK AND BERTANI, of Joliet, (LOUIS R. BERTANI, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The appellant Helen Hill was found to be in need of mental treatment and was ordered detained in the Manteno State Hospital by the circuit court of Will County on April 29, 1965. The superintendent of the hospital granted her an absolute discharge on May 17, 1965, pursuant to authority vested in him by section 10—6 of the Mental Health Code. (Ill. Rev. Stat. 1963, chap. 91½, par. 10—6.) The appellant Hill filed a motion in the circuit court of Will County asking the court to enter its order discharging her and restoring her person to legal competence in accordance with section 10—7 of the Code. (Ill. Rev. Stat. 1963, chap. 91½, par. 10—7.) The court denied her motion and held both sections 10—6 and 10—7 of the Code unconstitutional. Helen Hill filed her notice of appeal and we granted leave to the Department of Mental Health to file its appearance as an additional party appellant in this cause.

Section 10—6 of the Mental Health Code provided:

"When a mentally retarded person, or a person in need of mental treatment has been hospitalized on court order, the superintendent of the hospital in which such person is detained ["detained" changed to "hospitalized" by 1965 amendment] shall have the power and authority to grant an absolute discharge or a conditional discharge, as the welfare of such person and the community may require, under such rules and regulations as may be adopted by the Department." Ill. Rev. Stat. 1963, chap. 91½, par. 10—6.

Section 10—7 of the Code provided that when the superintendent granted an absolute discharge, he should immediately notify in writing the court entering the original order of hospitalization. Upon receipt of such notice the court should "as a matter of record," enter its order discharging such person, and if the person was previously adjudged legally incompetent under any prior statute the court should enter a further order restoring the person to legal competence unless the notice alleged that the patient's condition required continuance of his status as legally incompetent.

In denying Helen Hill's motion for discharge and restoration to legal competence the court held sections 10—6 and 10—7 of the Code unconstitutional on the grounds that "(1) it is a violation of the doctrine of separation of powers, (2) it is a legislative attempt to supply to the administrative action of the Superintendent the dignity of a Court adjudication, (3) the legislature delegates to the Department the authority to make rules and regulations pertaining to the absolute or conditional discharge of persons hospitalized by Court Order without providing standards for such rules and regulations, * * *."

The first question is whether the provisions of section 10—6 constitute an unconstitutional delegation of powers by the General Assembly. Appellees argue that the statute fails to provide adequate standards to guide the superintendent's action. Appellants, on the other hand, contend

that administrative discretion is controlled by the standard set forth in the statute, whereby the superintendent may discharge patients only "as the welfare of such person and the community may require, under such rules and regulations as may be adopted by the Department."

There is a distinction between the delegation of true legislative power and the delegation to a subordinate of authority to execute the law. (*Lydy, Inc.* v. *City of Chicago,* 356 Ill. 230.) The former involves a discretion as to what the law shall be; the latter is merely an authority or discretion as to its execution, to be exercised under and in pursuance of the law. (*People* v. *Warren,* 11 Ill.2d 420; *City of Evanston* v. *Wazau,* 364 Ill. 198; *McDougall* v. *Lueder,* 389 Ill. 141.) It is an established rule that the General Assembly cannot delegate its general legislative power to determine what the law shall be. However, it may delegate to others the authority to do those things which the legislature might properly do, but cannot do as understandingly or advantageously. (*Board of Education* v. *Page,* 33 Ill.2d 372; *People ex rel. Daesch* v. *Mayor of Belleville,* 22 Ill.2d 226; *City of Evanston* v. *Wazau,* 364 Ill. 198.) Absolute criteria whereby every detail necessary in the enforcement of a law is anticipated need not be established by the General Assembly. The constitution merely requires that intelligible standards be set to guide the agency charged with enforcement, (*Memorial Gardens Ass'n, Inc.* v. *Smith,* 16 Ill.2d 116; *People* v. *Warren,* 11 Ill.2d 420,) and the precision of the permissible standard must necessarily vary according to the nature of the ultimate objective and the problems involved. *Board of Education* v. *Page,* 33 Ill.2d 372; *People ex rel. Daesch* v. *Mayor of Belleville,* 22 Ill.2d 226.

In this case the legislature gave the superintendent of the hospital the power and authority to discharge patients "as the welfare of such person and the community may require." The legislature has determined who shall discharge patients and the criteria for discharge but it has granted

authority to the Department of Mental Health and to the hospital superintendent to use discretion in executing the law and in granting the discharge. This discretion must be exercised within the standard set forth by the General Assembly. The difficulty in attempting to establish more precise legislative standards is readily apparent. The superintendent of the hospital and his staff examine, work with and treat the hospitalized person. They can determine more understandingly and advantageously when the welfare of the person and of the community may require a discharge or continued hospitalization of such person. Therefore it is desirable to grant to the superintendent and the Department the authority to discharge hospitalized persons and the discretion as to when the welfare of such person requires it. The nature of the objectives to be achieved and the problems to be solved negate the usefulness of setting more precise legislative standards. *Board of Education* v. *Page,* 33 Ill.2d 372.

The legislature has conferred authority and discretion as to the execution of a law. The authority and discretion is to be exercised under and in pursuance of the standard, "as the welfare of such person and the community may require," which is found in section 10—6. This is a proper delegation of administrative authority.

The next issue is whether section 10—7 results in a violation of the constitutional requirement of separation of powers. The appellants contend that section 10—7 merely imposes a ministerial function upon the court to enter its order discharging a person who has been granted an absolute discharge by the hospital superintendent. The appellants further argue that the entry of such an order by the court is not equivalent to judicial approval of the superintendent's action but is made merely as a matter of record. The appellees contend the statute permits an administrative agent to encroach upon a judicial function.

In 1965 section 10—7 was amended deleting the words

"as a matter of record" and also deleting the requirement that the court restore the patient to legal competence. The question of the constitutionality of this portion of section 10—7 is therefore moot and the lower court cannot be compelled to follow the directive of section 10—7 prior to its 1965 amendment.

In *People* v. *Reiner*, 6 Ill.2d 337, we upheld the validity of a statute requiring courts to submit reports of convictions of traffic offenses to the Secretary of State. In that case we discussed at length the meaning of the separation of powers article of the constitution. It is not necessary to repeat that discussion here, but it is sufficient to note that the true meaning, in theory and in practice, of the doctrine of separation of powers is "that the whole power shall not be lodged in the same hands, whether of one or many." (*Field* v. *People ex rel. McClernand,* 2 Scam. 79, 83.) The separation of powers doctrine was not designed to achieve a complete divorce between the three departments of a single operating government. (*People* v. *Reiner,* 6 Ill.2d 337.) In *Reiner* we recognized the nonjudicial nature of the duty imposed on the court by the challenged statute, but we held that such a duty did not attain the status of a governmental power. Important in the cases holding ministerial or administrative duties imposed on the judiciary by statute as unconstitutional is the fact that the duties so imposed are onerous or time consuming. *People* v. *Reiner*, 6 Ill.2d 337.

The statutory requirement, in this case, that the court enter its order discharging a person who has been granted an absolute discharge by the hospital superintendent is merely a ministerial duty imposed on the court to clarify the court records and to show that the person hospitalized on court order has been discharged. This is not the equivalent of giving judicial approval to an administrative action, it is not onerous or time consuming, and it is not a governmental power as contemplated by the separation of powers article of the constitution. Accordingly we hold that section

10—7, as amended, does not violate article III of the constitution.

The order of the circuit court of Will County holding sections 10—6 and 10—7 of the Mental Health Code unconstitutional is reversed and the case is remanded to the trial court, with directions to enter its order discharging Helen Hill.

*Reversed and remanded, with directions.*