470 

THE COMMITTEE OF TEN: MELTON R. MALONE *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY BOARD OF SCHOOL TRUSTEES, ST. CLAIR COUNTY *et al.*, Defendants-Appellees.

(No. 71-345; 

Fifth District—September 13, 1972.

Ray Freeark and Ted R. Harvey, Jr., both of Belleville, for appellants.

William J. Scott, Attorney General, of Chicago, Ottesen & Fleming, and Listeman, Bandy & Hamilton, both of Belleville, and Welch & Wheadon, of East St. Louis, (Francis T. Crowe, Assistant Attorney General, and Robert Jones, James H. Bandy, and Edward L. Welch, all of counsel,) for appellees.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Plaintiffs commenced this litigation by filing a petition with the St. Clair County Board of School Trustees to change the boundaries of the East St. Louis School District No. 189, Grant School District No. 110 and the Belleville Township High School District No. 201, pursuant to ch. 122, sec. 1, *et seq.*, Ill. Rev. Stat. 1967. The petition requested that a certain described portion of land be detached from the East St. Louis

School District and that portion so detached be annexed to the Grant School District and the Belleville Township High School District.

The East St. Louis and Belleville Districts filed with the Board of School Trustees, separate motions to dismiss the petition, alleging indebtedness of the East St. Louis District to the School Building Commission, a lack of reimbursement or offer to reimburse, and that there had been no advice by the Commission of a determination or compliance with ch. 122, sec. 35—17, Ill. Rev. Stat. 1967. Thereafter in response to the motion to dismiss, the petitioners filed an amended petition wherein they professed their willingness and ability to pay their proportionate share of any existing debt that the East St. Louis District may owe to the School Building Commission. No request was made to the School Building Commission for any determination of its opinion of the effect of the requested action.

The St. Clair Board of School Trustees did not rule on the motions to dismiss but proceeded to hear the petition on the merits. A hearing was held, evidence presented, exhibits introduced and testimony heard, at the conclusion of which the Trustees granted the motion to dismiss.

The plaintiffs next filed a petition for rehearing before the Trustees, which was denied. Then the plaintiffs, pursuant to the "Administrative Review Act" (ch. 110, sec. 264, *et seq.*), filed a complaint for Review of the Trustees' Decision in the Circuit Court of St. Clair County.

The court filed its order denying the plaintiffs requested relief and affirming the action of the Trustees. The court stated in its order:

> "The court feels that § 35—17 of Chapter 122 is constitutional notwithstanding the fact that no provision for review of the decision of the Building Commission is provided in the statute. The delegation by the legislature to the Building Commission to enforce is proper. The action of the School Building Commission could be reviewed by the courts in a proper case, and the action could be reversed upon showing that the decision of the School Building Commission was arbitrary, capricious, or was (not) based upon facts established by the evidence."

The plaintiffs perfected their appeal of the decision of the Circuit Court to the Supreme Court, which, after allowing the School Building Commission to become a party, transferred the appeal to this Court. The plaintiffs contend that sec. 35—17 is unconstitutional in that it is an unlawful delegation of legislative authority in that it contains no intelligible standards to guide the School Building Commission and also because it deprives the plaintiffs of the hearing that is guaranteed to them by sec. 7—6, ch. 122, Ill. Rev. Stat. The plaintiffs also urge that the Trustees,

based on the evidence of the hearing, should have made the decision on the merits allowing their petition to change the boundaries.

Section 35—17, *supra*, requires that "* * * no territory shall be detached from any school district * * * unless the Commission shall determine *and advise* the County Board * * * of School Trustees that such detachment * * * will not in its opinion impair the ultimate reimbursement to the State * * *." (Emphasis ours.) If this statute is constitutional, then the plaintiffs must be denied the sought relief as it is clear that the requirements of the statute have not been fulfilled, and the Board of School Trustees could not grant the Petition. The plaintiffs did not request the School Building Commission to determine and advise the Trustees. The Trustees did request the determination and advice of the School Building Commission. Mr. John Moore, the Executive Director of the Commission testifying as a witness called by the East St. Louis District, testified that the Commission met on July 18, 1969, and voted unanimously to reject the detachment, after he had made an investigation to determine the effect of the proposed detachment. The record is clear that the School Building Commission not only failed to give the negative advice, that, in its opinion the detachment would not impair the ultimate reimbursement, but rather gave its positive opinion that it would oppose the boundary change action.

■■ "It is our duty to interpret the statute in such a manner as to promote its essential purpose and to avoid, if possible, a construction which would raise doubts as to its validity." (*Stubblefield v. City of Chicago*, 48 Ill.2d 267, 269 N.E.2d 504.) The purpose of sec. 35—17 may be gleaned from sec. 35—1 wherein the legislative pronouncement states "For the purpose of providing school sites, buildings and equipment to meet the needs of school districts unable to provide such facilities because of lack of funds and constitutional bonding limitations and for the purpose of acquiring non-public school buildings and other related real property the School Building Commission * * * is hereby continued in full force and effect." The powers of the commission are set forth in sec. 35—5 and it is worthy of note that sec. 35—5(j) states in part "To develop a system of documents and analyses necessary to maintain the statutory cost limitations placed upon Commission projects * * *."

The structure and purpose of the School Building Commission Act is similar to the Illinois Building Authority Act[1] and the Public Buildings Commission Act.[2] Although neither of these two Acts provide specifically

---

[1] Ill. Rev. Stat. Ch. 127, sec. 213.1 *et seq.* (1969).
[2] Ill. Rev. Stat. Ch. 85, sec. 1031 *et seq.* (1969).

for judicial review of their decisions their constitutionality has been upheld. Both have, however, been reviewed by our Supreme Court. *People ex rel. Adamowski v. Public Bldg. Com.,* 11 Ill.2d 125, 142 N.E.2d 67; *People ex rel. Stamos v. Public Bldg. Com.,* 40 Ill.2d 164, 238 N.E.2d 390; *Berger v. Howlett,* 25 Ill.2d 128, 182 N.E.2d 673.

■■ The appellants herein contend that sec. 35—17 is unconstitutional for two specific reasons. First, the appellants contend that the statute is an unlawful delegation of legislative authority in that it contains no intelligible standards to guide the School Building Commission. The law has been set forth by our Supreme Court in *Hill v. Relyea,* 34 Ill.2d 552, 555, 216 N.E.2d 795, 797:

> "There is a distinction between the delegation of true legislative power and the delegation to a subordinate of authority to execute the law. (*Lydy, Inc. v. City of Chicago,* 356 Ill. 230, 190 N.E. 273.) The former involves a discretion as to what the law shall be; the latter is merely an authority or discretion as to its execution, to be exercised under and in pursuance of the law. (*People v. Warren,* 11 Ill.2d 420, 143 N.E.2d 28; *City of Evanston v. Wazau,* 364 Ill. 198, 4 N.E.2d 78, 106 A.L.R. 789; *McDougall v. Lueder,* 389 Ill. 141, 58 N.E.2d 809, 156 A.L.R. 1058.) It is an established rule that the General Assembly cannot delegate its general legislative power to determine what the law shall be. However, it may delegate to others the authority to do those things which the legislature might properly do, but cannot do as understandingly or advantageously. (*Board of Education v. Page,* 33 Ill.2d 372, 211 N.E.2d 361; *People ex rel. Daesch v. Mayor of Belleville,* 22 Ill.2d 226, 174 N.E.2d 678; *City of Evanston v. Wazau,* 364 Ill. 198, 4 N.E.2d 78, 106 A.L.R. 789.) Absolute criteria whereby every detail necessary in the enforcement of a law is anticipated need not be established by the General Assembly. The constitution merely requires that intelligible standards be set to guide the agency charged with enforcement, (*Memorial Gardens Assn., Inc. v. Smith,* 16 Ill.2d 116, 156 N.E.2d 587; *People v. Warren,* 11 Ill.2d 420, 143 N.E.2d 28) and the precision of the permissible standard must necessarily vary according to the nature of the ultimate objective and the problems involved. *Board of Education v. Page,* 33 Ill.2d 372, 211 N.E.2d 361; *People ex rel. Daesch v. Mayor of Belleville,* 22 Ill.2d 226, 174 N.E.2d 678."

In that case the legislature gave the superintendent of a hospital power to discharge patients "as the welfare of such person and of the community may require". Stating that it is apparent why there was difficulty in setting more precise standards, the court then went on to say "The

nature of the objectives to be achieved and the problems to be solved negate the usefulness of setting more precise legislative standards". The court then held that there was a proper delegation of administrative authority.

■■ In the present case plaintiffs contend that the use of the word "impair" allows for the exercise of unreasonable and arbitrary discretion by the School Building Commission. The word "impair" is defined in Webster's Seventh New Collegiate Dictionary 7th Ed. 1963 to mean "To diminish in quantity, value, excellence or strength; damage; SYN see injury". Plaintiffs contend that each and every detachment will "impair" the reimbursement to the State. We consider the contention much too broad, as we can conceive of situations in which the effect of a district's ability to pay might not be impaired by detachment of territory with a high student population and a comparatively low assessed valuation, or of situations in which a detachment would have, at the most, a negligible financial effect upon the district from which territory might be detached. From the purposes and powers of the School Building Commission, to which we have heretofore referred, we can readily ascertain the intents and purposes of the statute. Considering them, we determine that the Statute can be stated only in general terms, and that a reasonable discretion must be placed in the Commission charged with its execution and enforcement. Taken together with their context, the terms used are commonly understood and are sufficiently certain that they may be correctly applied to serve the purposes of the Commission, and with the intents and purposes in mind the terms are not vague, indefinite or uncertain. *Sangamon Fair Ass'n v. Stanard,* 9 Ill.2d 267, 137 N.E.2d 478.

The plaintiffs rely upon *Rosemont Bldg. Supply v. Illinois Highway Trust Authority,* 45 Ill.2d 243, 258 N.E. 2d 569, as controlling the present case. The *Rosemont* case involved the granting by the Legislature of the power to lease projects of the authority to "others" for suitable purposes. The purpose of the Highway Trust Authority was to provide, construct, equip and improve public roads. The statute contemplated a lease to others and charging tolls. The court held that the provisions of leasing and collecting tolls considered separately or in concert created such indefiniteness and uncertainty as to deny due process of law. That is not the situation with which we are concerned. There are, however, other statements from that case which are appropriate to the case at hand. In quoting *Krebs v. Thompson,* 387 Ill. 471, with approval, the court in *Rosemont* stated:

> "* * * It must be regarded as long settled in this State that an act, to be valid, must be complete when it leaves the legislature. If it leaves to a ministerial officer the definition of the thing to

which it shall apply, such definition not being commonly known, it is invalid as an unwarranted and void delegation of legislative power to an administrative officer. [Citations]. In the latter regard, there is a distinction between delegation of true legislative power and delegation of subordinate authority to execute the law, and while the legislature may not divest itself of its proper function of determining what the law shall be, it may authorize others to do those things which it might properly do, but cannot do understandingly or advantageously. *People ex rel. Stamos v. Public Building Com. of Chicago,* 40 Ill.2d 164, 238 N.E.2d 390; *Hill v. Relyea,* 34 Ill.2d 552, 216 N.E.2d 795."

■■ The guarantees of due process of law have been stated in *People ex rel. Stamos v. Public Bldg. Com.,* 40 Ill.2d 164, 238 N.E.2d 390:

"Due process of law, as guaranteed by the fourteenth amendment of the Federal constitution and section 1 of article IV and article III of the Illinois constitution, requires that an act shall not be vague, indefinite or uncertain, and must provide sufficient standards to guide the administrative body in the exercise of its functions. [Citation.]"

■■ The plaintiffs also assert that the statute is unconstitutional in that it deprives them of the hearing that is guaranteed to them by ch. 122, sec. 7—6. That section only provides for a hearing before the Board of School Trustees, it does not purport to give petitioners for annexation or detachment pursuant to ch. 122, sec. 7.1 *et seq.* a hearing before the School Building Commission. Here the petitioners were given hearings on the merits of their petition, but no evidence was produced to the effect that the Commission had determined that the proposed change in boundaries would "not in its opinion impair the ultimate reimbursement to the State". The Legislature by enactment of sec. 35—17, did not see fit to delegate the power of determining whether annexations and detachments would jeopardize a district's ability to reimburse the State to anyone other than the Commission they created. Having created the Commission for specific purposes, the Legislature by enactment of sec. 35—17, provided that the Board of School Trustees by their action under Article 7 of the School Code could grant no petition which in the judgment of the Commission would impair ultimate reimbursement. Both the Board of School Trustees and the School Building Commission are statutory administrative bodies with limited delegated powers. The powers of the Board of School Trustees to grant petitions was further limited by the enactment of sec. 35—17 in those cases in which an involved district had enjoyed the benefits of the provisions of Article 35 of the School

Code, and in which reimbursement had not been made. It does not purport to deprive petitioners under Article 7 of the hearing provided in that Article, but unless compliance with it is shown as a matter of fact on the part of a district involved which is subject to its provisions, the hearing cannot result in the granting of the petition. In sec. 7—4 of the School Code the Legislature saw fit to place certain limitations or requirements for the granting of petitions filed under Article 7. We particularly note sec. 7—4(d), which provides that no petition shall be granted to create a school district of less than 2000 unless certain administrative officers certify certain facts based on their judgment. The power to determine those facts and exercise discretion is there placed in officials who make the determination in their discretion without a hearing. Their failure to certify as therein provided renders the hearing a nullity, as does the failure of the School Building Commission to advise under sec. 35—17. We do not consider sec. 35—17 as unconstitutional by reason of denial of due process. Furthermore petitioners neither sought nor were denied a hearing by the School Building Commission, and do not contend sec. 35—17 is unconstitutional because there is no provision for hearing in that section, or notice to petitioners whose petitions might be denied by action taken under it.

■■ The plaintiffs further assert that they were denied the hearing only because of the "arbitrary, capricious and erroneous decision" of the School Building Commission. Actually, they were not denied a hearing; they were denied the relief they prayed, and under the law and facts they could not be granted that relief regardless of the merits of their cause in the absence of a clear showing and a determination that sec. 35—17 was unconstitutional. The record before the Board of Trustees reviewed by the trial court, although it might be said showed some misapprehension on the part of the Executive Secretary of the School Building Commission, is not sufficiently convincing to lead the Board of School Trustees to ignore sec. 35—17 nor for the courts to declare that it was of no effect because the proceedings under it were improper. Possibly the members of that Commission had reasons for their determination other than those stated by the Executive Secretary on cross-examination, which were consistent with the purposes of Article 35. Plaintiffs did not seek a determination of the Commission, nor seek to present evidence to it, they ignored it until its determination was forced upon them, and even then did not seek to make the Commission a party to the proceedings (this was only done after the appeal had been perfected). Declaring enactments of the Legislature unconstitutional is not a function which has been delegated to the Board of School Trustees, and while the courts have that function

it is performed lightly. Here the report of the proceedings of the Commission is not in the record, and we cannot therefore determine whether the determination was "arbitrary, capricious and erroneous".

We have considered numerous cases cited by the appellants, but find them to not be in point on the issues. Since we have not determined that sec. 35—17 is unconstitutional, we do not consider appellants' contentions with reference to the merits of the evidence presented on their petition.

Judgment affirmed.

JONES and CREBS, JJ., concur.