(No. 40208.—

JOHN KROL *et al.,* Appellees, *vs.* THE COUNTY OF WILL *et al.,* Appellants.

*Opinion filed January 19, 1968.*

George E. Sangmeister, State's Attorney, of Joliet, (Norman F. Codo, of counsel,) for appellants.

Murphy, Timm & Lennon, of Joliet, (Kenneth E. Timm and Douglas F. Spesia, of counsel,) for appellees.

Mr. Justice Ward delivered the opinion of the court:

This is a direct appeal from an order of the circuit court of Will County declaring a provision of the Will County sewage treatment and disposal ordinance unconstitutional. The order also enjoined enforcement of the ordinance, and, in addition, the county zoning ordinance, as it might apply to the appellee's property.

In September, 1961, John Krol, the appellee, purchased

a trailer park located in Crete Township of Will County for $65,000. The park had been operated since 1939 and had about a 40-trailer occupancy when acquired by Krol. The park's sewage treatment system consisted of 14 double septic tanks which discharged effluent into a drainage ditch near a public highway.

On April 30, 1963, the trailer court's Illinois operating license was scheduled for renewal. At that time the county health department informed Krol that his existing sewage disposal system was unsatisfactory and would have to be replaced by another system. Krol acted promptly in an effort to correct his sewage treatment problem. He first requested the nearby village of Crete to permit his park to connect with its treatment system. When the village declined his request, Krol decided to construct his own sewage treatment installation. He purchased additional land at a cost of $42,000 as a site for the proposed facility and submitted design plans of the proposed plant to the Illinois Sanitary Water Board, the Illinois Department of Public Health and the Will County Health Department. The plans called for the discharge of the plant's treated sewage into a stream that flowed intermittently, rather than continuously. Because an intermittently flowing stream is less efficient in reducing sewage than a continuously flowing one, the Sanitary Water Board requested the addition of certain major design features to ensure proper treatment of the sewage. The final plant design which included these additional treatment features was approved by the Illinois Sanitary Water Board and the Illinois Department of Public Health. However, the Will County Health Department refused to grant its approval of the proposed facility, essentially because Krol's plan to release the effluent into an intermittently flowing stream would not conform with section 4, paragraph E, of the county sewage treatment and disposal ordinance, which had been enacted on August 5, 1963.

This paragraph provides that: "All streams or legally established drainage ditches which are to be used for the final discharging of effluent from sewage treatment and disposal systems must be of a continuous flow and be approved by the Health Authority. The latest general drainage map of Will County, as prepared by the Division of Waterways of the Illinois Department of Public Works and Buildings shall be used in helping to determine whether the stream or ditch is continuously flowing."

The appellee challenges the constitutionality of this paragraph of the ordinance, arguing that the requirement that all streams or ditches "used for the final discharging of effluent from · sewage treatment and disposal systems must be of a continuous flow" represents an arbitrary and unreasonable exercise of governmental police power. The county claims that the provision was enacted as a valid exercise of police power for the protection of the health of its citizens and is therefore constitutional.

A county is empowered to adopt appropriate police measures to promote health and suppress disease and to control and regulate the disposal of sewage within its borders. (Ill. Rev. Stat. 1965, chap. 34, pars. 419, 3111, 3116.) While courts will not inquire into the wisdom of an ordinance enacted under such authority they will consider whether such an ordinance has a definite and substantial relation to a recognized police-power purpose. (*Thillens, Inc.* v. *Hodge,* 2 Ill.2d 45; *Midland Electric Coal Corp.* v. *County of Knox,* 1 Ill.2d 200.) To put it otherwise, an ordinance, "to be beyond the pale of constitutional infirmity, must bear a reasonable relation to the public health or other purpose sought to be served, the means being reasonably necessary and suitable for the accomplishment of such purpose * * *." (*Schuringa* v. *City of Chicago,* 30 Ill.2d 504, 509; accord, *Strub* v. *Village of Deerfield,* 19 Ill.2d 401.) In deciding this question of reasonableness the court

may consider "all the facts and circumstances, the evil sought to be remedied, the purpose sought to be accomplished and the necessity for legislation on the subject." *City of Chicago* v. *Clark,* 359 Ill. 374, 377.

Of course, the presumption is in favor of the validity of an ordinance and one who attacks its validity must affirmatively show wherein the ordinance is unreasonable. (*Schuringa* v. *City of Chicago,* 30 Ill.2d 504; *Palangio* v. *City of Chicago,* 23 Ill.2d 570.) However, an ordinance shown to impose unusual and unnecessary restrictions not definitely and substantially related to the preservation of the public health, safety, comfort or welfare is invalid as an unauthorized invasion of private rights. (See *Chicago Title & Trust Co.* v. *Village of Lombard,* 19 Ill.2d 98; *People* v. *Brown,* 407 Ill. 565; *Schneider* v. *Board of Appeals,* 402 Ill. 536.) Similarly, regulation attempted where the threat to public health is remote may also be invalidated. *City of West Frankfort* v. *Fullop,* 6 Ill.2d 609, 614.

Here, it is plain from the record before us that the ordinance's requirement that treated sewage waste can only be discharged into a "continuously flowing" stream is unreasonable, and that the threat to the public health is distant. The ordinance would apply inflexibly without consideration of the practical impossibility of compliance and without regard to the quality of sewage treatment that might be obtained by other means. In fact, under this ordinance even sterilized sewage cannot be released into an intermittent stream. No specific scientific or other evidence was presented to demonstrate the hygienic necessity for the unusual restriction that effluent be finally discharged into a continuously flowing stream. Rather, the county's attempted justification for the ordinance was, through simply generalized expert testimony, that such a requirement tends, through a more rapid process of dissolution, to reduce the potential threat sewage waste poses to public health. It is

of significance that according to the record this is the only ordinance of its type that has been enacted in the United States.

The facts here illustrate that any possible public benefit which might be gained from the enforcement of the ordinance is slight and the hardship it can inflict on individual property owners is great. Krol co-operated with the public authorities in an effort to eliminate his sewage disposal problem. As stated, when his request to be connected with the nearby village of Crete's sewage treatment facility was denied the appellee acquired additional land for the purpose of constructing his own facility. At the State's request he incorporated additional major features into the design of the plant he proposed to ensure efficient treatment of sewage and to compensate for the proposed discharge of the effluent into an intermittently flowing stream rather than a continuously flowing one. The agencies of the State of Illinois, to which we must attribute a proper concern for public health, approved the planned facility. Importantly, the appellee introduced uncontradicted expert testimony that the effluent released from his proposed system would not in any way be a health hazard, that it would not create a nuisance through odors or otherwise, and that it would not cause water pollution.

We do not perceive from this record a reasonable relationship between public health and the ordinance's provision discussed. We deem that paragraph E of section 4 of the county's sewage treatment and disposal ordinance represents an arbitrary and unreasonable exercise of police power and so is unconstitutional.

It is also urged by the appellee that section 4, paragraph A, of the ordinance concerned is unconstitutionally vague and incomplete. This paragraph declares that "all sewage treatment or disposal systems to be installed in Will County must be of a design and location that is approved by the Health Authority." The ordinance does not anywhere pre-

scribe any standards or terms upon which the Health Authority is to determine what is an acceptable design or location. The Health Authority thus is not controlled, limited or guided by any rules, criteria or requirements in the ordinance. The power to approve or reject resides utterly in the Health Authority. "[A] law vesting discretionary power in an administrative officer without properly defining the terms under which his discretion is to be exercised is void as an unlawful delegation of legislative power. [Citations.]" (*Richards* v. *Board of Education of Township High School Dist.*, 21 Ill.2d 104, 112; accord, *Dean Milk Co.* v. *City of Aurora*, 404 Ill. 331; *People ex rel. Wheeler* v. *Norvell*, 368 Ill. 325.) We therefore deem that paragraph A, too, is unconstitutional.

Accordingly, the order of the circuit court of Will County is affirmed.

*Order affirmed.*