Hartigan Oldsmobile Cadillac, Inc., an Illinois Corporation, Plaintiff-Appellee, v. City of Park Ridge, a Municipal Corporation, Defendant-Appellant, Arthur Scheller, Intervenor-Appellant.

Gen. No. 53,552.

First District, Second Division.

September 29, 1970.

Albert A. Klest, of Park Ridge, and Arthur Scheller, pro se, of Park Ridge, appellant.

Gerald M. Chapman, of Chicago, for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

Hartigan Oldsmobile Cadillac, Inc. brought an action for a declaratory judgment against the City of Park Ridge seeking to have a certain portion of the zoning ordinance of that municipality declared unconstitutional as applied to its property, and to have another portion of the ordinance likewise declared unconstitutional as being arbitrary and discriminatory in singling out a particular use, automatic car washes, and according it special treatment under a special use technique. Defendant has appealed from a judgment in favor of plaintiff.

Arthur Scheller, an intervening defendant, has also perfected an appeal in which he assigns as error the trial court's denial of certain of his pretrial motions.

The subject property is located in the northern portion of a block bounded by Northwest Highway on the north, Busse Highway on the south, Morris Avenue on the west, and Meacham Avenue on the east. It is triangular in shape, having frontage on Morris Avenue, Northwest Highway, and Meacham Avenue. West of the subject property, across Morris Avenue, is Hinkley Field, a public park containing three baseball fields, a basketball court, swimming pool, tennis and handball facilities, and general playground area. South of the subject property on the east side of Morris Avenue, are the Hartigan Agency, a municipal garage, and a structure which at the time of trial had been partially destroyed by fire and remained unrepaired. On the west side of Meacham Avenue and south of the Hartigan complex are a fire

station, a vacant parcel used for the storage of automobiles, and a dance hall which also fronts on Busse Highway. On the east side of Meacham Avenue between Busse and Northwest Highways are located the Busse Brademan Buick Agency, a hotel, barber shop and real estate office. In addition to the dance hall previously mentioned, a post office annex is located on the north side of Busse Highway between Meacham and Morris Avenues. The south side of Busse Highway is bounded by an embankment upon which runs the Chicago and Northwestern Railroad right of way. Northwest Highway, in the immediate vicinity of the subject property, is developed with retail sales uses.

Plaintiff proposed to erect an automatic car wash upon the subject property, which is classified under chapter 256 of the Park Ridge Zoning Ordinance as "D–D" commercial. Drive-in establishments are not permitted uses in the "D–D" districts although such uses are, with the exception of automatic car washes, permitted in the "D" commercial districts. Automatic car washes are not permitted as a matter of right in any district, but are subjected to a special use technique under section 261–5 of the Park Ridge Zoning Ordinance which provides in part:

> In order to properly classify uses, including auto-wash facilities, which because of their unique characteristic cannot be properly classified in a particular district without consideration in each case, of the impact of those uses upon neighboring land and of the public need for the particular use at the particular location, the following regulations shall apply:
> . . . .

The remainder of the section deals with procedural matters with respect to applications for special use permits and limitations which may be imposed attendant to the granting of a special use permit.

The automatic car wash which plaintiff proposed to erect on the subject property would consume 3,600 square feet of the parcel's 7,900 square foot area. Plaintiff applied for a special use permit as required by the ordinance. Following public hearings by the Plan Commis-

sion and Zoning Board, the City Council, the body to which the ordinance reserves the power to pass upon requests for special use permits, denied the request. The instant suit followed, resulting in findings by the trial court that the Zoning Ordinance of Park Ridge, as applied to plaintiff's property, was invalid, and that section 261–5 was also invalid as an unreasonable exercise of the police power in that it accorded special treatment to a single use. The defendant has challenged each of these findings.

We consider first the defendant's contention that the trial court erred in finding chapter 256 of the Ordinance unconstitutional as applied to plaintiff's property insofar as it operates to exclude automatic car wash facilities from the "D–D" district, since no properly justiciable issue would remain should defendant prevail on this issue. Should we find that the exclusion of the proposed use from the "D–D" district is proper, consideration of the constitutionality of section 261–5 would be a futile act since no matter what that determination might be, plaintiff would not be entitled to develop the subject property with the proposed use.

It is the function of the ruling municipal legislative body to classify uses and draw the lines of demarcation between those uses which shall and those which shall not be allowed in particular districts. Legislative judgment in this area will not be interfered with by the courts except to the extent that judicial review is available to ascertain whether the legislative body has exceeded its power by employing classifications which do not bear a substantial relation to the public health, safety, or welfare. Krol v. County of Will, 38 Ill2d 587, 233 NE2d 417 (1968). Thus, it has been repeatedly held that a zoning ordinance is cloaked in a presumption in favor of its validity and the party who attacks it has the burden of proving by clear and convincing evidence that the ordinance, either on its face or as applied, is arbitrary and unreasonable and without substantial relation to the public health, morals, safety, or welfare. Palangio v. City of Chicago, 23 Ill2d 570, 179 NE2d 663 (1962); Zweifel v. City of Peoria, 11 Ill2d 489, 144 NE2d 593 (1957).

■ Every zoning case must be decided on its own peculiar facts, but certain factors have come to be established as guideposts to be used in determining the constitutionality of zoning ordinances. They are the character of the neighborhood, classification and use of nearby properties, the extent to which property values are diminished by the particular restriction, suitability of the subject property for zoned purposes, and the gain to the public as opposed to the loss to the property owner resulting from the restrictions imposed. Tillitson v. City of Urbana, 29 Ill2d 22, 193 NE2d 1 (1963); LaSalle Nat. Bank v. Village of Palatine, 92 Ill App2d 327, 236 NE2d 1 (1968).

Plaintiff presented two expert witnesses to testify with respect to the value of the subject property, the effect of the proposed use upon neighboring properties, the character of the neighborhood, and the extent to which the public welfare was served by the restriction of which plaintiff complains. The first of these witnesses, John McNamara, a real estate broker and appraiser, testified that the value of the subject property for the storage of automobiles, its present use, was $2 per square foot. It was his further opinion that the value of the subject property, if developed as proposed by plaintiff with an automatic car wash facility, would be $6 per square foot. He also testified however, that the value of the parcel in question would be $6 per square foot if the property were used for any commercial purpose in connection with plaintiff's operation. Finally, Mr. McNamara testified that development of the parcel in question as proposed by the plaintiff would not have a detrimental effect upon residences located several blocks away on Meacham Avenue.

There was no testimony to the effect that the parcel in question was not suitable for development with a commercial use in connection with plaintiff's present operation and within the provisions of the applicable zoning ordinance.

Plaintiff's second expert witness, George H. Kranenberg, a planning and zoning consultant, testified as follows. The "D–D" classification is, in his opinion, properly

classified as heavy commercial. He was also of the opinion that an automatic car wash was not a heavier use than others permitted in the district, the only element peculiar to an automatic car wash is that it would generate more traffic than would uses permitted under the ordinance. Finally, he testified that municipalities subject car wash facilities to a special use technique in order to allow them to review the parking and reservoir stacking capabilities of the proposed facility.

Mr. Jack Flapan, president and secretary of the Haverberg Auto Laundry Company, testified for plaintiff with respect to the proposed facility. Included in his testimony were such areas of concern as water and sewer demands, cost, and capacity of the facility.

The evidence presented by defendant need not, in our opinion, be detailed here, as we are not satisfied that plaintiff presented sufficient evidence to sustain its burden of proof. Thus, the presumption in favor of the validity of the ordinance has not been overcome. While it is true that plaintiff offered opinion evidence to the effect that neighboring properties would not be detrimentally affected by the proposed use, and that the value of plaintiff's property would be enhanced by the proposed development as opposed to its value as presently used, we do not find such evidence sufficient to support the trial court's finding that the ordinance is unconstitutional insofar as it prohibits erection of an automatic car wash facility on the parcel in question.

Of special significance in this connection is the absence of evidence tending to establish that the subject property is not suitable for any purpose allowed under its present zoning classification. This deficiency is further magnified by the testimony of Mr. McNamara to the effect that the value of the subject property, if developed with any commercial use in connection with plaintiff's present operation, would be equal to its value if developed with the proposed use. Further in this regard, although not controlling here, it is our opinion that in cases such as the present one the party assailing the validity of a zoning ordinance as applied should be required to establish not only that the property in question is not suitable for

zoned purposes, but also that plaintiff's development of adjacent property is not responsible for such unsuitability.

In view of our finding that plaintiff's evidence was insufficient to overcome the presumption in favor of the validity of the ordinance insofar as it operates to exclude drive-in facilities from the "D–D" district, other issues raised in this appeal need not be discussed. The issues raised by the intervenor with respect to denial of his pretrial motions are, in our opinion, rendered moot by our disposition of the case. We hold that plaintiff has failed to sustain its burden of proof, the presumption in favor of the validity of the ordinance in question stands, and therefore the judgment of the Circuit Court in plaintiff's favor is reversed.

Judgment reversed.

McCORMICK, P. J. and BURKE, J., concur.