MELBOURNE CORPORATION, Plaintiff-Appellee, *v.* HEARING BOARD ON DENIAL OR REVOCATION OF LICENSES FOR NURSING HOMES *et al.,* Defendants-Appellants.

THE CITY OF CHICAGO, Plaintiff-Appellant, *v.* DANIEL A. SLADER *et al.,* Defendants-Appellees.

(Nos. 56653, 56922, 57369 cons.;

First District (3rd Division)—September 20, 1973.

*Rehearing denied October 18, 1973.*

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Gayle F. Haglund, Assistant Corporation Counsel, of counsel,) for appellants.

Hoffman & Davis, of Chicago, (Maurice L. Davis and Alvin L. Kruse, of counsel,) for appellee Melbourne Corporation.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Two cases have been consolidated in this appeal because in separate proceedings involving the same nursing home, known as Melbourne Corporation, two judges of the circuit court of Cook County held that a certain ordinance of the City of Chicago was invalid.

In one case the defendant hearing board denied Melbourne's application for a 1971 nursing home license. Melbourne brought an administrative review action in the circuit court, and the trial judge ruled that section 136—15 of the Municipal Code of Chicago was invalid and ordered the issuance of a nursing home license to Melbourne. In the other case, Melbourne was being prosecuted by the City of Chicago for an alleged violation of section 136—15. The trial judge ruled that the section was invalid and dismissed the complaint.

Section 136—15 of the Municipal Code of Chicago provides as follows:

"Nursing homes, sheltered care homes or homes for the aged shall comply with rules and regulations set forth by the board of health. In addition, the board of health may adopt and enforce rules and regulations relating to the operation and conduct of nursing homes, sheltered care homes or homes for the aged, and

the care, treatment, rehabilitation, recreation, and maintenance of the residents thereof as it shall deem necessary."

The administrative review case had its inception when Melbourne applied to the City of Chicago for a 1971 nursing home license. The defendant hearing board was authorized by ordinance to pass on such applications. The Chicago fire and building departments approved the issuance of a license to Melbourne, but the Chicago Board of Health charged that Melbourne was in violation of section 136—15 because of its failure to comply with certain rules and regulations of the Board of Health. The defendant hearing board conducted hearings on Melbourne's license application, made specific findings of certain violations, and denied Melbourne's application for a license.

Melbourne then filed an administrative review action in the circuit court. After hearing argument, the trial judge, while finding that the decision of the hearing board was not against the manifest weight of evidence, ruled that section 136—15 of the city code was invalid because it failed to comply with the conditions set forth in the applicable state statute, Section 15 of the Nursing Homes, Sheltered Care Homes and Homes for the Aged Act. Ill. Rev. Stat. 1969, ch. 111½, par. 35.19.

In the ordinance violation case, the City of Chicago charged Melbourne and two of its officers with violating section 136—15 of the code by failing to comply with various maintenance rules and regulations of the Chicago Board of Health. Then penalty for violation was fine or imprisonment. The trial judge declared section 136—15 invalid as an impermissible delegation of legislative authority because it empowered the Board of Health to adopt rules and regulations without providing or defining standards to follow or limitations to govern the Board of Health, and held that any rules adopted by the Board of Health pursuant to section 136—15 were therefore void. The court sustained defendants' motion to strike the complaint, and dismissed the suit.

As we have observed, both trial judges found that section 136—15 of the city code was invalid. One judge held that the ordinance was an improper delegation of legislative authority, while the other trial judge concluded that the ordinance failed to comply with the conditions found in the applicable state statute. If the ordinance is void for either reason, the judgment orders, of course, must be affirmed.

We shall consider first the holding that section 136—15 is invalid as an improper delegation of legislative authority because it allows the Board of Health to adopt rules and regulations without providing or defining standards to follow.

■■ It is so well settled as not to require citation of authority that generally it is beyond the power of a legislative body to delegate to an

administrative agency the inherent function of determining what the law will be, and that a delegation of authority to an administrative body is invalid unless standards are provided to govern the exercise of that power.

Appellants argue, however, that there is an exception to the foregoing general rule for cases involving delegation of authority in the field of public health. Appellants maintain that in such cases the courts have not looked to the presence or absence of standards or guidelines for the administrative agencies which regulate such institutions but instead rely on the principle that because of the medical expertise necessary the legislature may delegate the authority to do those things which the legislature cannot understandingly do.

■■ No such exception to the general rule exists in Illinois, and a delegation of power to an administrative agency dealing with questions affecting public health is valid only if limited by standards to govern the administrative body in the exercise of its power. (*Krol v. County of Will* (1968), 38 Ill.2d 587, 233 N.E.2d 417; *Dean Milk Co. v. City of Aurora* (1949), 404 Ill. 331, 88 N.E.2d 827; *Hill v. Relyea* (1966), 34 Ill.2d 552, 216 N.E.2d 795.) In *Krol* the court held that an ordinance requiring that all sewage disposal systems "must be of a design and location that is approved by the Health Authority" was unconstitutional because of lack of standards provided to the Health Authority to determine what constituted a proper design or location of a sewage system. In so holding, the court, at pp. 592-593, stated in language pertinent to the instant case:

> "The ordinance does not anywhere prescribe any standards or terms upon which the Health Authority is to determine what is an acceptable design or location. The Health Authority thus is not controlled, limited or guided by any rules, criteria or requirements in the ordinance. The power to approve or reject resides utterly in the Health Authority. '[A] law vesting discretionary power in an administrative officer without properly defining the terms under which his discretion is to be exercised is void as an unlawful delegation of legislative power. [Citations.]' [Citations.]"

In *Dean Milk* a city ordinance provided that a license to distribute milk would not be issued without the approval of the mayor and health officer. The court held that the ordinance failed to specify circumstances under which approval must be given, and was invalid as an unwarranted delegation of legislative power. In *Hill* the court, while finding that the standards set forth in the statute in question were adequate, stated that the constitution required that proper standards be set to guide the agency charged with enforcing the statute.

The case cited by appellants for the proposition that standards for the guidance of agencies are not required in ordinances dealing with public health (*People v. Robertson* (1922), 302 Ill. 422, 134 N.E. 815) is not controlling and is not dispositive of the issue in the instant case. In that case, the court held that the City of Chicago had exceeded the power granted to it by statute in creating the office of Commissioner of Health rather than creating a Board of Health. The statute had given cities the power to create a Board of Health and to prescribe its powers and duties. The court indicated in its opinion by way of dictim that the statute was constitutional, but the constitutionality of the statute was not at issue; the sole issue was the validity of the city ordinance.

The suggestion by appellants that a legislative body does not have the expertise necessary to set forth standards or guidelines for an agency administering nursing homes is refuted by reference to the state statute dealing with nursing homes. Section 4 of that act (Ill. Rev. Stat. 1969, ch. 111½, par. 35.19) contains a set of standards for the operation of such homes and refers specifically to the location and construction of such homes, the number and qualifications of personnel employed, sanitary conditions and diet of the residents, and an education and training program for the residents. This argument is also rebutted by an examination of chapter 137 of the Municipal Code of Chicago dealing with hospitals. In that chapter, the city council prescribed in considerable detail guidelines for the operation and regulation of hospitals. Moreover, the contention that the Board of Health has special expertise is not borne out by its manner of appointment. Section 9—1 of the Municipal Code of Chicago prescribes that the Board of Health shall consist of nine members appointed by the mayor, but only the president of the Board of Health is required to be a licensed physician.

Appellants argue in the alternative that, even if standards are required to be set by the legislative body in ordinances dealing with public health, the instant ordinance contains ample standards to guide the Board of Health. We do not agree. The ordinance gives absolute authority to the Board of Health to adopt rules and regulations without providing any standards whatsoever to govern and guide the administrative authority. Under the ordinance, the Board of Health had absolute discretion to determine what the law would be, and that is improper.

■■ In *Hill v. Relyea* (1966), 34 Ill.2d 552, 216 N.E.2d 795, the court approved a statutory delegation of authority, admittedly broad, giving superintendents of mental hospitals the power to grant a discharge to mentally retarded persons "as the welfare of such person and the community may require." However in *Hill* the delegation of authority involved a medical decision which necessarily would be made by an

expert; it cannot be equated with the absolute authority given to the Board of Health to adopt whatever rules and regulations it wished in the administration of nursing homes in Chicago. The trial court correctly held that Section 136—15 of the City Code was invalid as an impermissible grant of legislative authority.

Although we have determined that the ordinance in question is invalid for the foregoing reason, we shall also comment on the trial court's holding that the ordinance was invalid because it failed to comply with the conditions found in the applicable state statute.

Section 15 of the Illinois Nursing Homes, Sheltered Care Homes, and Homes for the Aged Act sets forth the conditions under which municipalities may license and regulate nursing homes, and provides, in pertinent part, as follows:

> "Any city, village or incorporated town may, by ordinance, provide for the licensing and regulation of nursing homes, sheltered care homes, and homes for the aged, or any classification of such homes, as defined herein, within such municipality, *provided that the ordinance requires compliance with at least the minimum requirements established by the Department pursuant to Sections 4 and 11 of this Act.*" (Emphasis supplied.)

As we have already noted, section 4 of the Act prescribes minimum standards for the Department of Public Health.

■■■ The legislature specifically and clearly provided in the above statute that any ordinance regulating nursing homes must in and of itself require compliance with the minimum requirements established by the State Department of Public Health. Nothing in Chapter 136 of the city code requires that nursing homes must comply with at least those minimum requirements. Where the language of a statute is clear and unambiguous, there is no occasion for reconstruction, and the plain meaning of the language of the statute must be given effect. (*Belfield v. Coop* (1956), 8 Ill.2d 293, 134 N.E.2d 249.) While the appellants argue that the rules and regulations adopted by the Chicago Board of Health do require compliance with the minimum requirements established by the Department of Public Health, this does not overcome the statutory requirement that the ordinance itself must require compliance with those minimum standards. The trial court correctly held that section 136—15 of the city code contravened the state statute, and therefore was invalid.

For the reasons stated, the judgments of the circuit court of Cook County finding the ordinance to be invalid are affirmed.

Judgments affirmed.

DEMPSEY, P. J., and McGLOON, J., concur.