(No. 46297.—

MELBOURNE CORPORATION, Appellee, v. CHICAGO HEARING BOARD FOR NURSING HOMES *et al.,* Appellants.

*Opinion filed November 27, 1974.*

SCHAEFER, J., UNDERWOOD, C.J., and DAVIS, J., dissenting.

Richard L. Curry, Corporation Counsel (Daniel Pascale and William R. Quinlan, Assistants Corporation Counsel, and Gayle F. Haglund, Special Assistant Corporation Counsel, of counsel), for appellants.

Hoffman & Davis, of Chicago (Maurice L. Davis and Alvin L. Kruse, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

The City of Chicago appealed from two judgments of the circuit court of Cook County, one entered in an administrative review proceeding and the other in an action brought by the City charging violation of an ordinance. In the administrative review proceeding the circuit court held that the Chicago Nursing Home Ordinance (Municipal Code of Chicago, ch. 136) was unconstitutional. In the ordinance violation case the circuit court held section 15 (ch. 136, sec. 15) of the ordinance invalid. The appellate court consolidated the appeals, affirmed the judgments (14 Ill. App. 3d 589), and we allowed the City's petition for leave to appeal.

Section 15 of the Nursing Home Ordinance, at all times here relevant, provided as follows:

"Nursing homes, sheltered care homes or homes for the aged shall comply with rules and regulations set forth by the board of health. In addition, the board of health may adopt and enforce rules and regulations relating to the operation and conduct of nursing homes, sheltered care homes or homes for the aged, and the care, treatment, rehabilitation, recreation, and maintenance of the residents thereof as it shall deem necessary."

The administrative review proceeding was brought by Melbourne Corporation (hereafter Melbourne) seeking to reverse the decision of the Chicago Hearing Board on Denial or Revocation of Licenses for Nursing Homes, Sheltered Care Homes, and Homes for the Aged (hereafter the Hearing Board), which on June 25, 1971, had denied Melbourne's application for renewal of its license to operate a nursing home located on Racine Avenue in Chicago. The circuit court concluded that that portion of the Hearing Board's order which found that Melbourne had violated certain of the rules and regulations of the Chicago Board of Health was not against the manifest weight of the evidence, but reversed the decision of the Hearing Board and ordered the issuance of the license on the ground that the ordinance was invalid for failure to comply with the provisions of section 15 of the "Nursing homes, sheltered care homes and homes for the aged act" (Ill. Rev. Stat. 1969, ch. 111½, par. 35.30), hereafter referred to as the Illinois Nursing Home Act.

In the second case the City charged Melbourne and two of its officers (the defendants Slader) with numerous violations of section 15 of the Nursing Home Ordinance by reason of their failure to comply with certain rules and regulations promulgated by the Chicago Board of Health. The circuit court, holding that section 136—15 was invalid and that any rules and regulations adopted by the Board of Health pursuant thereto were void, allowed defendants' motion to strike the complaint and dismissed the action.

Section 15 of the Illinois Nursing Home Act, in pertinent part, provided:

> "Any city, village or incorporated town may, by ordinance, provide for the licensing and regulation of nursing homes, sheltered care homes, and homes for the aged, or any classification of such homes, as defined herein, within such municipality, provided that the ordinance requires compliance with at least the minimum requirements established by the Department pursuant to Sections 4 and 11 of this Act." Ill. Rev. Stat. 1969, ch. 111½, par. 35.30.

Section 4 of the Act (ch. 111½, par. 35.19) provided that the Illinois Department of Health "prescribe and publish minimum standards for 'nursing homes,' 'sheltered care homes,' and 'homes for the aged,'" relating to the matters enumerated in the statute (*i.e.*, location, construction, personnel). Section 11 of the Act (ch. 111½, par. 35.26) authorized the Department of Health to adopt classifications of licenses "according to the level of service," and to adopt rules and regulations.

The City contends first that the circuit and appellate courts were without jurisdiction to decide whether its Nursing Home Ordinance was in compliance with the Illinois Nursing Home Act. Section 15 of the Act, immediately following the above-quoted portion provides that "Such compliance shall be determined by the Department subject to review as provided in Section 13 of this Act." Section 13 (ch. 111½, par. 35.28) provides for administrative review of decisions of the Department. The City argues: "The determination of whether a municipal nursing home ordinance requires compliance with minimum state requirements is one to be made by the State Department of Health, not by the courts. Judicial review of that determination is available by administrative review, but that is not the situation in the case at bar."

The appellees argue that the statute did not empower the Department of Health to determine whether the ordinance was in compliance with the enabling legislation

under which the ordinance was enacted.

We need not and do not decide under what circumstances this provision of section 15 of the Illinois Nursiing Home Act might apply. It suffices to say that these actions presented, respectively, an administrative review proceeding and a "justiciable matter" over which section 9 of article VI of the Constitution of 1870 vested the circuit court with jurisdiction. Clearly under section 7 of article VI, the appellate court also had jurisdiction.

In the administrative review action the circuit court held that the Chicago Nursing Home Ordinance violated section 15 of the Illinois Nursing Home Act and was invalid for the reason that it failed to require compliance with at least the minimum requirements established by the Illinois Department of Health. The appellate court agreed. The City contends that "its nursing home ordinance, as a whole, effectively requires compliance with the State minimum requirements, and does not contravene the statute." It argues that the Nursing Home Ordinance contains minimum standards applicable to building requirements, inspections and "other licensing requirements." It argues further that these facts "plus the persuasive fact that for years the State agency has approved the City's regulatory scheme of licensing nursing homes prove that the City has by ordinance provided for the licensing of such homes and has effectively required by law satisfactory compliance with minimum state standards."

We do not agree that the Nursing Home Ordinance required compliance with at least the minimum requirements established by the Illinois Department of Health. The ordinance contained provisions for "Qualifications for personnel" (136–3.1), "Minimum Standards" for construction, alteration and maintenance of buildings (136–11), isolation rooms (136–12), record keeping (136–14), reports (136–16), inspections (136–17), and it required compliance with the rules and regulations of the

Chicago Board of Health. The "Minimum Standards Rules and Regulations Governing Nursing Homes" promulgated by the Chicago Board of Health contained provisions which were different from those included in the "Minimum Standards Rules and Regulations" prescribed and published by the Illinois Department of Public Health in compliance with section 4 of the Nursing Home Act. The Chicago Board of Health failed to promulgate minimum standards concerning some matters which were included in the standards prescribed and published by the Illinois Department of Health.

Prior to the adoption of the Constitution of 1970 it was axiomatic that "Municipal corporations are creatures of statute and have no inherent powers. In this State, a city organized under the Cities and Villages Act enjoys such powers only as are expressly delegated by the General Assembly or necessarily implied to render the grant of specific powers effective. [Citations.] Legislative powers of municipal corporations are strictly construed, and any rational doubt as to the existence of power must be resolved against the municipality." *Higgins v. City of Galesburg,* 401 Ill. 87, 92.

We hold that the ordinance did not meet the requirements of section 15 of the Illinois Nursing Home Act and the circuit and appellate courts did not err in holding it invalid.

Much of the appellate court opinion and substantial portions of the briefs of the parties are directed to the question whether the ordinance provided sufficient standards for the Chicago Board of Health in adopting rules and regulations. Because we hold the ordinance invalid for failure to comply with section 15 of the Illinois Nursing Home Act we do not reach this issue.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE SCHAEFER, dissenting:

The severely literal interpretation of the statute, which requires that a municipal ordinance incorporate literally or by reference the standards of the State Department of Public Health, is not a necessary interpretation. The State Department may well have interpreted the word "ordinance" to include the regulations of the municipal board of health adopted pursuant to the ordinance, as well as the naked text of the ordinance. Indeed, it seems likely that the purpose of the General Assembly in committing the question of compliance with the minimum requirements of the State Department to that Department, rather than to the courts, was to avoid the kind of sterile interpretation adopted by the majority in this case.

The majority opinion avoids this key question by a cryptic reference to sections 7 and 9 of article VI of the Constitution of 1870. Neither of these sections justifies a disregard of the statute in this case. Section 9 gave the circuit court "unlimited original jurisdiction of all justiciable matters, and such powers of review of administrative action as may be provided by law." In this case, the administrative action provided by law was the determination of the State Department of Public Health as to the compliance, or noncompliance, of the municipal ordinance. There was no such determination. Section 7, dealing with the jurisdiction of the appellate court, has no bearing upon this case.

UNDERWOOD, C.J., and DAVIS, J., join in this dissent.