UNION NATIONAL BANK & TRUST COMPANY OF JOLIET, as Trustee, Plaintiffs-Appellees and Cross-Appellants v. THE VILLAGE OF NEW LENOX, Defendant (John A. Nowakowski, *et al.*, Intervening Defendants-Appellants and Cross-Appellees).—UNION NATIONAL BANK & TRUST COMPANY OF JOLIET, as Trustee, Plaintiffs-Appellees and Cross-Appellants v. THE VILLAGE OF NEW LENOX, Defendant-Appellant and Cross-Appellee (John A. Nowakowski *et al.*, Intervening-Defendants).

Third District   Nos. 3—86—0072, 3—86—0074 cons.

Opinion filed January 28, 1987.—Rehearing denied April 3, 1987.

920

Douglas F. Spesia, Neil T. Goltermann, and Kenneth E. Timm, all of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellant Village of New Lenox.

Thomas R. Wilson, of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet (Douglas Spesia and George Mahoney, of counsel), for other appellants.

Donald L. Wennlund, of Donald L. Wennlund & Associates, of New Lenox, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, Union National Bank & Trust Company, a land trustee, is the owner of a 52-acre tract of land in the village of New Lenox. The entire beneficial interest of the land trust is owned by the plaintiff, Ferro Brothers, an Illinois general partnership. The triangularly shaped tract is bounded by an abandoned railroad right-of-way on the north, a roadway to the west which has been designated for truck traffic, and Interstate 80 to the south. The village has in effect a zoning ordinance under which the plaintiffs' land is zoned for limited industrial use. Desiring to use the easternmost 10 acres of the tract for an asphalt plant—a use the plaintiffs did not believe was permitted under the zoning ordinance—Ferro Brothers applied to the village for a special use permit. The village denied the application.

The plaintiffs brought suit for declaratory and injunctive relief against the village asking the court to declare the zoning ordinance invalid and void insofar as it relates to their property. Plaintiffs also sought to enjoin the village from interfering with the development and use of the property as an asphalt plant. Several people living in a residential area approximately 2,000 feet from the site of the proposed use intervened in this matter. By amended complaint, the plaintiffs added a fourth count, which sought a declaratory judgment that the zoning ordinance is unconstitutionally vague and unconstitutionally delegates legislative authority to a village employee. The plaintiff moved for summary judgment as to count IV, and the village responded by a cross-motion for summary judgment. The plaintiffs' motion was denied, and the defendant's motion was granted.

After a bench trial, the judge ruled in favor of the plaintiffs. The defendant appealed, and the plaintiffs cross-appealed the denial of their motion for summary judgment as to count IV of their complaint. We believe that the plaintiffs were entitled to an award of a summary judgment on the constitutional issue raised in count IV and we so or-

der.

Count IV of the plaintiffs' complaint attacked the constitutionality of the village's zoning ordinance as it applies to the plaintiffs' property. The basis of the attack is that the language of the ordinance is unconstitutionally vague. The pertinent portion of the zoning ordinance of the village provides:

"10—6—2: I-1 LIMITED INDUSTRIAL DISTRICT:

\* \* \*

10—6—2—2: USES PERMITTED: No land shall be used or occupied and no building, structure or premises shall be erected, altered, enlarged, occupied or used, except as otherwise provided in this Title, for other than one or more of the following specified uses:

A. Industrial type uses, *such as but not limited to:*

1. All manufacturing and industrial activities, including fabrication, processing, assembly, disassembly, repairing, cleaning, servicing, testing, packaging and storage of materials, products and goods that can be conducted wholly within enclosed buildings.

2. Laboratories and research firms involved in the research, experimentation or testing of materials, goods or products.

3. Printing, publishing or lithography establishments.

4. Railroad freight yards.

\* \* \*

10—6—2—3: SPECIAL USES PERMITTED: The following uses shall be permitted only if specifically authorized by the Zoning Board of Appeals as allowed in Chapter 12 of this Title:

A. Similar and compatible uses to those allowed as 'permitted uses' in this District.

B. Drive-in banking facilities.

C. Planned unit development.

D. Residence of the proprietor, caretaker or watchman, when located on the premises of the commercial or industrial use.

E. Radio and television towers.

F. Filling of holes, pits or lowlands with noncombustible material free from refuse and/or food wastes.

G. Mining, loading and hauling of sand, gravel, topsoil or other aggregate or minerals, including equipment, buildings or structures for screening, crushing, mixing, washing or storage \*\*\*.

\* \* \*

10—6—2—6: PROHIBITED USES: All uses not expressly authorized in Sections 10—6—2—2, 10—6—2—3 ***, of this Chapter, *including but not limited to:*

A. Residential uses, except as a special use.

B. Drive-in restaurants.

C. Wrecking, dismantling or automotive salvage yard." (Emphasis added.)

■■ An ordinance is unconstitutionally vague when men of common intelligence must necessarily guess at its meaning. (*Broadrick v. Oklahoma* (1973), 413 U.S. 601, 37 L. Ed. 2d 830, 93 S. Ct. 2908; *Redemske v. Village of Romeoville* (1980), 85 Ill. App. 3d 286, 406 N.E.2d 602.) In other words, the ordinary person must be capable of appreciating, from the language of the ordinance or statute, how he will be affected by its operation. 85 Ill. App. 3d 286, 406 N.E.2d 602.

■■ We find that the ordinary person exercising ordinary common sense would have to guess as to whether an asphalt plant is a permitted, special, or prohibited use under the ordinance. An asphalt plant is not specifically named as a permitted, prohibited, or special use. But, whether an asphalt plant might fit into one of the categories is uncertain because the list of permitted and prohibited uses is not comprehensive, as evidenced by the language "but not limited to" in both the permitted and prohibited use categories. The situation is further confounded when one attempts to comprehend whether an asphalt plant would fall under the special use section. Part A of that section allows for a special use permit if the proposed use is a similar and compatible use to those allowed as permitted uses. No one could tell what is similar and compatible to an incomplete list of permitted uses. Therefore, we agree that the ordinance is unconstitutionally vague.

■■ We also note that the ordinance is unconstitutionally vague because it does not prescribe any standards or criteria upon which the village can determine whether a proposed use, that is not specifically listed, is permitted, prohibited, or special. For example, in the plaintiffs' case, they applied to the village board of trustees for a special use permit according to section 10—12—3(B)(2) of the ordinance. The ordinance provides that a proposed use shall be given a special use permit if it is a "[s]imilar and compatible" use to those allowed as permitted uses. (New Lenox, Ill., Zoning Ordinance sec. 10—6—2—3(A).) As has already been discussed, the list of permitted uses is incomplete, and there are no rules, requirements, or guidelines in the ordinance for determining what might be included as a permitted use. It was therefore within the sole discretion of the village board of trustees to decide whether plaintiffs' proposed use was a similar and

compatible use to those allowed as permitted uses.

> " '[A] law vesting discretionary power in an administrative officer without properly defining the terms under which his discretion is to be exercised is void as an unlawful delegation of legislative power. [Citations.]' " (*Krol v. County of Will* (1968), 38 Ill. 2d 587, 593.)

Therefore, we also find that the ordinance unconstitutionally delegates legislative power to the village board of trustees.

For the above reasons, and based on the cross-appeal, we reverse the decision of the trial court which denied the plaintiffs' motion for summary judgment and we grant the plaintiffs' motion for summary judgment and direct the entry of judgment thereon. Based on the foregoing, we need not address the arguments raised by the defendants in their appeal. Accordingly, albeit for a different reason and rationale than that relied on by the trial court, we affirm the bottom-line order of the trial court. That is to say, we affirm the trial court's entry of a judgment in favor of the plaintiffs.

Affirmed.

BARRY, P.J., and WOMBACHER, J., concur.